**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION**

**NICHOLAS SERVICES, LLC**                                                        **PLAINTIFF**

**VS.**                                                   **CAUSE NO.:** 3:23-CV-390-MPM-JMV

**AEROELITE INTERIORS CORP.,
AIRTECH OF OHIO, LLC, and
EAST COAST AIRCRAFT PAINTING, INC.**                       **DEFENDANTS**

---

**COMPLAINT
(Jury Trial Demanded)**

---

COMES NOW, Plaintiff, Nicholas Services, LLC ("Nicholas Services"), through undersigned counsel, and files it's Complaint against Defendants, AeroElite Interiors Corp. ("AeroElite"), Airtech LLC ("Airtech") and East Coast Aircraft Painting, Inc. ("East Coast") (collectively "Defendants"), and would show unto the Court the following to-wit:

**I. NATURE OF ACTION**

1.      This civil action arises out of Defendants' breaches of oral contracts entered into with Nicholas Services, LLC, for exterior and interior improvements to be made to an aircraft owned by the Plaintiff.

2.      Plaintiff seeks all general, specific and consequential damages, declaratory relief, attorneys' fees, pre and post judgment interest, and all damages to which it is entitled for Defendants' breaches of contract as more particularly set forth below.

**II. PARTIES**

3.      The Plaintiff, Nicholas Services, LLC, is a limited liability company organized and existing under the laws of the State of Delaware, and with its principal place of business found in the State of Mississippi at 300 S. Lamar Court, Unit B, Oxford, Mississippi 38655.

1

4.     Defendant AeroElite Interiors Corp., upon information and belief, is a foreign corporation organized and existing under the laws of the State of Ohio. AeroElite maintains its principal office at 4228 Airport Road, Cincinnati, Ohio 45226. Defendant AeroElite is subject to the process of this Court by service upon its registered agent for service of process, John Ryan Burke, located at the same address.

5.     Defendant Airtech of Ohio, LLC, upon information and belief, is a foreign limited liability company organized and existing under the laws of the State of Ohio, and with its principal place of business being 4765 Airport Road, Cincinnati, Ohio 45226. Defendant Airtech of Ohio, LLC is subject to the process of this Court by service upon its registered agent for service of process, Bradley C. Smith, located at 10 N. Ludlow Street, Suite 200, Dayton, Ohio 45402.

6.     Defendant East Coast Aircraft Painting, Inc., upon information and belief, is a corporation organized and existing under the laws of the State of Florida. East Coast maintains its principal office at 2007 Industrial Drive, Deland, Florida 32724. Defendant East Coast Aircraft Painting, Inc. is subject to the process by this Court by service upon its registered agent for service of process, Marta Nobrega, located at the same address.

### III. JURISDICTION AND VENUE

7.     This Court has federal diversity jurisdiction over this civil action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000 exclusive of interests and costs.

8.     This Court has personal jurisdiction over all Defendants because, upon information and belief, Defendants systematically conduct business in the State of Mississippi and within this district, including providing products and services to Mississippi residents and businesses and the

2

advertising and the sale of their products and services via the Internet to Mississippi residents and businesses.

9.      Venue is proper in the United States District Court for the Northern District of Mississippi, Oxford Division, pursuant to 28 U.S.C. § 1391, in that a substantial part of the incidents and omissions alleged in this civil action occurred within this District, and because a substantial part of the property that is subject of the action is situated within this District. Further, venue is proper in this District because Defendants are transacting business in this District.

### IV. MATERIAL FACTS AS TO ALL CAUSES OF ACTION

10.      Plaintiff Nicholas Services is a private aviation company that provides air travel to its members throughout the United States and internationally. To achieve its mission, Plaintiff owns and operates a fleet of fixed wing multi-engine aircraft, one of which is an Embraer Phenom 100 bearing registration number N356N.

11.      Defendant Airtech is an aviation maintenance company which provides aircraft-related maintenance, inspections, repairs, painting, and interior refurbishment services.

12.      Defendant AeroElite is an aircraft interior refurbishment company which provides custom seating, carpeting, paneling, painting, and other services to aircraft.

13.      Defendant East Coast is an aircraft painting and interior services company that provides painting, striping, basic repair, seating, carpeting, paneling, and other services to aircraft.

14.      From Mississippi, in December of 2022 or early January 2023, Plaintiff began negotiations with Defendants Airtech and AeroElite for the purpose of procuring their services to make improvements to Plaintiff's Embraer Phenom 100 aircraft bearing registration number N356N (the "Aircraft"). In response, Defendants Airtech, AeroElite and East Coast provided work

3

authorizations, proposals, and/or specifications to Plaintiff in Mississippi which provided the scope of services, materials and labor to be furnished by said Defendants.

15.     On or about January 10, 2023, Airtech sent Plaintiff an estimate for exterior repainting services to be performed on the Aircraft in the amount of Eighty-Two Thousand Eight Hundred Twenty and 00/100 Dollars ($82,820.00) representing the entire cost of the exterior repainting, and Plaintiff sent said amount to Airtech for the services.

16.     On or about January 18, 2023, AeroElite sent Plaintiff a quote for interior refurbishing services to be performed on the Aircraft in the amount of One-Hundred Thirty-Five Thousand Fifty-Three and 40/100 Dollars ($135,053.40), and Plaintiff wired AeroElite a Seventy-Eight Thousand Four Hundred Fifty-Three and 00/100 Dollars ($78,453.00) deposit for the services.

17.     On or about January 19, 2023, Plaintiff Nicholas Services delivered the Aircraft to Defendants AeroElite and Airtech at the Deland Municipal Airport in Deland, Florida for repainting and interior refurbishing.

18. The aircraft is essential to Plaintiff's business as a provider of private aviation services and Plaintiff must, at a minimum, maintain the aircraft pursuant to Federal Aviation Administration ("FAA") regulations. As Plaintiff's business provides a service to individuals with discerning taste, Plaintiff's aircraft is subject to high standards and must be meticulously maintained inside and out.

19.     Upon information and belief, AeroElite and/or Airtech contracted – or entered into a sub-contractual agreement – with East Coast to provide the materials and labor for repainting the Aircraft, which was to be performed in Deland, Florida.

20.     Per Airtech's representation, the exterior repainting and interior refurbishing services were to be completed by AeroElite and Airtech within six (6) to eight (8) weeks from the date of the Aircraft's delivery.

21.     At some point in early April 2023, but before April 7, 2023, Defendants AeroElite and Airtech represented to Plaintiff that the work on the Aircraft had been completed and was ready to be delivered back to the Plaintiff. Upon the arrival Plaintiff's representative on or about April 7, 2023, to accept delivery of the Aircraft, it was immediately apparent the exterior paint job did not conform to FAA requirements, was substandard, did not conform to general industry standards, and/or was defective. Specifically, Plaintiff's employee observed insects and other debris embedded in the Aircraft's exterior paint.

22.     Shortly thereafter, Plaintiff notified Defendants AeroElite and Airtech that the work performed on the Aircraft was unacceptable and rejected the same. Plaintiff was forced to send another representative to Deland, Florida to evaluate and supervise the Defendants' remedial work to the Aircraft and ensure the quality thereof. Upon arrival, it was immediately apparent that the interior work also did not conform to FAA requirements, was substandard, did not conform to general industry standards, and/or was defective. Specifically, the representative observed numerous discrepancies/defects in the Aircraft's upholstery, carpeting, cabin lighting, and other interior components. The necessary remedial work caused a delay in the Aircraft's return to service and caused Plaintiff to sustain lost profits.

23.     On April 14, 2023, approximately twenty-nine (29) days after the expiration of the agreed upon delivery timeframe of six (6) to (8) weeks, the Aircraft was delivered to the Plaintiff. This delay in the Aircraft's return to service caused Plaintiff to sustain additional lost profits.

24.     On the flight back to Mississippi on April 14, 2023, Plaintiff's employee observed even more discrepancies/defects in the Aircraft's interior components, such as missing and incorrectly installed screws, clear coat drips, scratches, cracks and chips, unsecured and malfunctioning lighting, missing and torn seals, an unconnected hinge and other imperfections affecting the upholstery.

25.     Upon landing in Mississippi, Plaintiff claimed warranty by promptly notified AeroElite and Airtech of the discrepancies/defects to the Aircraft observed during the return trip and attempted to obtain assurances from said defendants that the discrepancies/defects would be addressed and repaired. Plaintiff offered Defendants an opportunity to complete warranty work, which they declined.

26.     With no response from either AeroElite or Airtech, on April 17, 2023, Plaintiff sent email correspondence to said Defendants notifying that Plaintiff's technicians had begun troubleshooting on the Aircraft and compiling a list of observed discrepancies/defects and proposed that AeroElite and/or Airtech send a technician(s) to Mississippi to assist in clearing the discrepancies/defects. This proposal was rejected.

27.     The numerous discrepancies/defects affecting the Aircraft required Plaintiff to ground the Aircraft for an additional seven (7) days while said discrepancies/defects were remediated, and the Aircraft did not return to service until April 21, 2023. Addressing and remediating these defects caused a substantial expenditure of Plaintiff's time, money and resources, and proximately caused Plaintiff to experience additional lost profits.

28.     Defendants AeroElite, Airtech, and East Coast's failure to perform their contractual obligations has proximately caused Plaintiff to suffer substantial damages. The discrepancies, defects and deficiencies outlined above and others to be shown at trial, by said Defendants,

constitute breaches of their respective contractual obligations, breaches of express and implied warranties, negligence and gross negligence, vicarious liability, and other statutory and common law duties owed to Plaintiff.

29.     AeroElite, Airtech, and East Coast were obligated to ensure that the exterior and interior repairs and refurbishments to the Aircraft were done in such a manner as to at least comply with the FAA regulations and meet the generally accepted standards of workmanship in the aviation industry, and ensure that the discrepancies, defects, and/or deficiencies enumerated above would not occur. As such, AeroElite, Airtech, and East Coast are jointly and severally liable to Plaintiff for its injuries and damages as set forth herein.

30.     In addition to the significant injuries and damages incurred by Plaintiff as a result of AeroElite, Airtech, and East Coast's failures to perform their contractual obligations, Plaintiff has been forced to incur additional expenses, including legal fees and costs in prosecuting this action to enforce its contractual rights, which will increase on a daily basis.

### V. CAUSES OF ACTION

### COUNT 1
### Declaratory Judgment

31.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

32.     There is an actual and justiciable controversy between Plaintiff and the Defendants named herein arising from the contractual rights under which the performance of the improvements to the Aircraft should be governed. Specifically, Plaintiff and Defendants did not execute a written contract or contracts under which the transactions would be governed.

33.     On or about January 10, 2023, Airtech provided the Plaintiff with an estimate of the cost of stripping, painting, and striping the Aircraft. Said estimate stated verbatim "NOTE: [t]his estimate is not a contract or invoice." However, immediately below that section of the estimate

7

provides a "Work Authorization" wherein the customer (Plaintiff herein) may sign the estimate authorizing the work to be performed on the Aircraft, and agreeing to pay for the services provided. This estimate was not signed by the Plaintiff. See Exhibit "A" attached hereto and incorporated herein by reference.

34.     On or about January 18, 2023, AeroElite submitted a proposal to Plaintiff outlining the details of the work to be performed on the Aircraft and corresponding pricing for each work detail.  The proposal states therein that "[t]his is a work scope agreement", and similar to Airtech's estimate, provides a "Work Authorization" section wherein the customer (Plaintiff herein) may sign the estimate authorizing the work to be performed on the Aircraft, and agreeing to pay for the services provided. This proposal was not signed by the Plaintiff. See Exhibit "B" attached hereto and incorporated herein by reference.

35.     On or about January 6, 2023, East Coast submitted a proposal or "specification" to Airtech outlining the exterior stripping, sanding, and painting it would perform on the Aircraft, and attached to the proposal was a Standard Terms and Conditions document which is purported to be incorporated into the "Agreement". The proposal does not provide a price quote, nor does it provide for who the customer is – Plaintiff or Airtech. Nonetheless, Plaintiff did not sign this document, did not agree to the standard terms and conditions as outlined therein, does not know whom the customer is for purposes of determining whether any rights and obligations – if any – were created by virtue of the document, and/or whether this document is a subcontract agreement between Airtech and East Coast rendering Plaintiff a third-party beneficiary of the subcontract. See Exhibit "C" attached hereto and incorporated herein by reference.

36.     Plaintiff requests this Court review the quotes, estimates, and proposals, the facts and circumstances surrounding the case, and the applicable law, and enter its Order determining

and awarding the amount of damages incurred by the Plaintiff, declaring the parties respective rights and obligations, and directing the parties' behavior accordingly.

**COUNT 2**
**Breach of Oral Contract**

37.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

38.     Defendants AeroElite, Airtech and East Coast owed Plaintiff the duty to perform their contractual obligations with reasonable care.

39.     The discrepancies, defects and deficiencies set forth in this Complaint constitute a material breach of contract by Defendants AeroElite, Airtech, and East Coast. Said Defendants have breached and failed to perform pursuant to the terms of their contracts with the Plaintiff.

40.     Defendants AeroElite, Airtech and East Coast are liable to Nicholas Services in an amount to be shown at trial for damages, in excess of the jurisdictional requirements of this Court, consisting of the cost to repair un-remedied discrepancies/defects and deficiencies and the cost of repair of the discrepancies/defects and deficiencies subsequently remediated by Plaintiff.

41.     Defendants AeroElite, Airtech and East Coast are liable to Nicholas Services for all actual, compensatory, incidental, and consequential damages which directly and proximately resulted from said Defendants' contract breaches.

42.     Defendants AeroElite, Airtech and East Coast's conduct constitutes a willful or wanton disregard for Nicholas Service's rights entitling it to an award of punitive damages, attorney's fees, and costs.

**COUNT 3**
**Breach of Implied Warranty**

43.     Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

44. The defects enumerated in this Complaint constitute breaches by Defendants AeroElite, Airtech, and East Coast of the implied warranty of good workmanship, the implied warranty of fitness, the implied warranty of fitness for a particular purpose, and the implied warranty of good faith and fair dealing. Said Defendants failed to use the existing skill, knowledge and technology prevailing the aircraft industry in the performance of the work, their obligations under the contracts, and failed to complete the work under the contracts in a workmanlike manner. These breaches of implied warranties have caused Plaintiff damages.

45. Defendants AeroElite, Airtech, and East Coast are liable to Nicholas Services for all actual, compensatory, incidental, and consequential damages which directly and proximately resulted from said Defendants' breaches of implied warranties.

## COUNT 4
## Negligence and Gross Negligence

46. Plaintiff incorporates the preceding paragraphs as if fully rewritten herein.

47. Defendants AeroElite, Airtech, and East Cost each owed Nicholas Services a duty to perform their respective services and work in a workmanlike manner using the requisite standard of care, skill, and diligence of a reasonable contractor.

48. Defendants AeroElite, Airtech and East Coast breached these duties in their work performed on the Aircraft, by *inter alia*, failing to provide services that complied with the applicable standard of care, and negligently and improperly applying, installing and repairing materials and components on and within the Aircraft.

49. The discrepancies, defects, deficiencies, nonconformities, and failures enumerated herein are the result of Defendants AeroElite, Airtech and East Coast's negligent performance and/or non-performance of their respective obligations under their respective contracts. The

10

negligence of these Defendants are proximate causes of Plaintiff's damages, for which they are jointly and severally liable.

50.     Defendants AeroElite, Airtech and East Coast's negligence was accompanied by conduct amounting to gross negligence, malice, or reckless disregard for Plaintiff's rights.

51.     Defendants AeroElite, Airtech and East Coast are jointly and severally liable to Plaintiff for all actual, compensatory, incidental, and consequential damages suffered by Plaintiff which directly and proximately resulted from said Defendants' negligence, as well as their reckless disregard of Plaintiff's rights, for which Plaintiff is entitled to special damages.

## COUNT 5
### Vicarious Liability

52.     Plaintiff incorporates the preceding paragraphs as if fully rewritten here.

53.     At all relevant times, upon information and belief, Defendants AeroElite and/or Airtech delegated its duties assumed pursuant to an agreement with East Coast to its officers, employees, agents and/or assigns throughout the time period from the date performance of those duties were to begin through the present.

54.     Defendant AeroElite and/or Defendant Airtech, as the principal or principals for its agents as recited herein, was and is vicariously liable for the harm incurred by the tortious acts of its officers, employees, agents and/or assigns committed within the course and scope of their duties to Defendant AeroElite and/or Defendant Airtech with the intent of benefitting Defendant AeroElite and/or Defendant Airtech or advancing their interest or interests.

55.     Plaintiff accordingly seeks damages for any and all harms proximately caused by any and all persons for which Defendant AeroElite and/or Defendant Airtech is or may be vicariously liable in this matter. Plaintiff accordingly requests that this Court award it damages in an amount to be determined at trial.

**COUNT 6**
**Breach of Duty of Good Faith and Fair Dealing**

56.    Plaintiff incorporates the preceding paragraphs as if fully rewritten here.

57.    The implied duty of good faith and fair dealing is inherent in every contract entered into in Mississippi.

58.    Conduct that violates the standards of decency, fairness, or reasonableness constitutes a breach of the duty of good faith and fair dealing.

59.    By failing to perform proper work, labor, service, and installation on or to the exterior and interior components of the Aircraft, Defendants AeroElite, Airtech, and East Coast failed to perform their contractual duties with decency, fairness, or reasonableness.

60.    Defendants AeroElite, Airtech and East Coast's conduct constitutes a breach of the duty of good faith and fair dealing, which entitles Nicholas Services to an award of compensatory damages in an amount to be determined at trial.

## VI. PUNITIVE DAMAGES AND ATTORNEYS' FEES

61.    Plaintiff would show Defendants AeroElite, Airtech, and East Coast's multiple breaches of duty constitute intentional, fraudulent, and/or grossly negligent conduct evincing a willful and wanton disregard for Nicholas Services' rights entitling it to an award of punitive damages. Plaintiff accordingly requests an award of punitive damages in this matter in a sum to be determined by the finder of fact at trial of this matter.

62.    Plaintiff would further show that, due to the intentional, fraudulent and/or grossly negligent conduct of the Defendant in this matter, Plaintiff is entitled to an award of attorney's fees and costs in an amount to be proven at trial or hearing of this matter.

## VII. JURY DEMAND

63.    Plaintiff demands a jury trial on all issues so triable.

12

WHEREFORE, PREMISES CONSIDERED, Nicholas Services, LLC hereby prays for entry of judgment in its favor and against Defendants as follows:

A.      That Defendants be held jointly and severally liable, and that Nicholas Services, LLC be awarded monetary damages in an amount exceeding the jurisdictional requirement of this Court, for all injuries and/or damages that Nicholas Services, LLC has and/or will suffer that are proximately caused by the negligent, incomplete and/or defective exterior and interior improvements to the Aircraft as determined at trial;

B.      That Defendants be held jointly and severally liable and that Nicholas Services, LLC be awarded monetary damages exceeding the jurisdictional requirement of this Court, for all injuries and/or damages that Nicholas Services has or will suffer that are proximately caused by Defendants' negligence and gross negligence, vicarious liability, breach of oral contract, breach of implied warranties, and breach of duty of good faith and fair dealing including attorneys' fees, expert witness fees, and other legal expenses incurred in connection with this litigation and Nicholas Services' pre-suit investigation.

C.      Punitive damages in an amount to be determined at trial.

D.      That Nicholas Services, LLC be awarded costs of this civil action.

E.      That Nicholas Services, LLC be awarded pre-judgment and post-judgment interest.

F.      That this Court order, adjudge and decree that this is a proper cause of action of Declaratory Judgment and that there is a bona fide controversy between the parties as to their legal rights, duties, status and liabilities.

G.      All other relief to which Nicholas Services, LLC may be entitled by law.


This the 13th day of October, 2023.

RESPECTFULLY SUBMITTED

**NICHOLAS SERVICES, LLC**

BY: /s/ C. Ryan Toms
    C. Ryan Toms, MSB# 102703
    Hannah Katherine Herrin, MSB# 105688
    *Attorneys for Plaintiff*

OF COUNSEL:

NICHOLAS SERVICES, LLC
300 S. Lamar Court, Unit B
Oxford, MS 38655
Telephone: 866.935.7771
Fax: 662.297.7083
rtoms@nicholasair.com
hherrin@nicholasair.com

14