# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF MISSISSIPPI
# OXFORD DIVISION

| | |
|---|---|
| **NICHOLAS SERVICES, LLC** | **PLAINTIFF** |
| **VS.** | **CIVIL ACTION NO. 3:23-390-MPM-JMV** |
| **AEROELITE INTERIORS CORP.,** **AIRTECH OF OHIO, LLC, and** **EAST COAST AIRCRAFT PAINTING, INC.** | **DEFENDANTS** |

## PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS RESPONSE IN OPPOSITION TO MOTION TO DISMISS

Defendant East Coast Aircraft Painting, Inc. ("East Coast") is subject to personal jurisdiction in Mississippi under the tort prong of Mississippi's Long-Arm statute and under due process principles.[1] In short, East Coast caused injury in Mississippi, and it knew that it was performing work for a Mississippi company.

## FACTS

Plaintiff Nicholas Services ("Nicholas") is a private aviation company that provides air travel to its members through a fleet of fixed wing aircraft. [Dkt. 7], ¶ 10. From late-2022 to early-2023, Plaintiff negotiated with both AeroElite Interiors Corp. ("Aero"), Airtech of Ohio, LLC ("Airtech"), and East Coast to make improvements to Nicholas' Embraer Phenom 100 bearing registration number N356N (the "Aircraft"). *Id.* at ¶ 14. On approximately January 10, 2023, Airtech provided Nicholas a $82,820.00 quote to repaint the Aircraft's exterior, with the work to be performed by East Coast. *Id.* at ¶¶ 15, 19.

---

[1] East Coast did not contest that exercising personal jurisdiction over it would be fair and reasonable; it should not be permitted to contest that point in its reply brief.

On January 16, 2023, East Coast emailed Nicholas directly stating that it was "grateful for this opportunity to offer you [East Coast's] aircraft painting and interior services for your aircraft" and attached a proposed contract between East Coast and Nicholas. *See* East Coast Emails, attached as Exhibit A. East Coast and Nicholas representatives then exchanged multiple emails regarding East Coast's pricing. *Id.* Nicholas ultimately contracted with Airtech, who then retained East Coast to perform some of the improvements on the Aircraft. [Dkt. 7], at ¶ 19.

On January 19, 2023, the Aircraft was delivered to Defendants AeroElite and Airtech in Deland, Florida, for the estimated 6 to 8 weeks it would take to complete the work. *Id.* at ¶¶ 17, 20. Approximately 10 weeks later, Nicholas was informed the work remained incomplete. *Id.* at ¶ 21. Nicholas' representative traveled to Florida to address the issue, only to discover that the work that supposedly had been performed was defective and non-conforming with FAA regulations. *Id.* After Nicholas reported the issues, Defendants purported to remediate them, and on April 14, 2024, Nicholas flew the Aircraft back to Mississippi. *Id.* at ¶ 23. During the flight, however, Nicholas discovered additional defective workmanship. *Id.* at ¶ 24. Defendants made no further attempt to remedy the Aircraft.

**STANDARD**

"When a nonresident defendant moves to dismiss for lack of personal jurisdiction, the burden of establishing the District Court's jurisdiction over the nonresident is on the plaintiff." *Pace v. Cirrus Design Corp.*, 636 F. Supp. 3d 714, 720 (S.D. Miss. 2022). A plaintiff must only make a prima facie case "if the district court rules without an evidentiary hearing." *5P Exequy Holding, LLC v. So. Miss. Cemetery Props., LLC*, 587 F. Supp. 3d 501, 505 (S.D. Miss. Nov. 17, 2021) (quoting *CEH Energy, LLC v. Kean Miller, LLP*, 691 F. App'x 215, 216 (5th Cir. 2017)). "When considering whether a plaintiff has made a prima facie case for jurisdiction, the court must

take the uncontroverted allegations in the plaintiff's complaint as true." *Id.* (quoting *Kee v. Howard L. Nations, P.C.*, No. 4:20-cv-127, 2021 WL 4449986, at *2 (N.D. Miss. Sep. 28, 2021)).[2]

## ARGUMENT

East Coast is properly subject to personal jurisdiction in this Court. "A federal court sitting in diversity may assert [personal] jurisdiction if (1) the state's long-arm statute applies, as interpreted by the state's courts; and (2) if due process is satisfied under the fourteenth amendment to the United States Constitution." *5P Exequy Holding, LLC*, 587 F. Supp. 3d at 505 (quoting *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008)).

### I. East Coast Satisfies the Tort Prong of the Mississippi Long-Arm Statute.

Under the tort prong of the long arm statute, a nonresident is subject to personal jurisdiction if any one of the elements, or any part of any element, of the tort alleged took place in Mississippi. *Allred v. Moore & Peterson*, 117 F.3d 278, 282 (5th Cir. 1997); *see also* Miss. Code Ann. § 13-3-57. "The Mississippi Supreme Court has held that 'for purposes of our long-arm statute, a tort is committed in Mississippi when the injury results in this state . . . because an injury is necessary to complete a tort." *Frazier ex rel. J.L.F. v. Univ. of N. Miss. Met. Ctr.*, No. 3:16-CV-976, 2017 WL 440009, at *2 (S.D. Miss. Oct. 2, 2017) (quoting *Horne v. Mobile Area Water & Sewer Sys.*, 879 So. 2d 972, 977 (Miss. 2004)).

In this case, East Coast's defective and non-conforming workmanship resulted in loss of profits and income while the Aircraft could not be utilized by Nicholas in its business. [Dkt. 7], ¶ 27. Moreover, because Defendants refused to remedy the defects that they had caused, Nicholas had to redirect its maintenance staff in Mississippi to work on the Aircraft instead of performing

---

[2] Nicholas submits that it has established a *prima facie* case. In the alternative, however, Nicholas requests that the Court order an evidentiary hearing.

other jobs. [Dkt. 7], ¶ 27. Under these circumstances, the Court has personal jurisdiction over East Coast.

East Coast is correct in stating that satisfying the tort prong of the Long-Arm statute requires an allegation that the injury itself, and not the resulting consequences, occurred in Mississippi. [Dkt. 23], at p.10. East Coast, and the authority upon which it relies, however, does not address the location of the injury when a plaintiff claims loss of profits and income. In claims that do address loss profits, it is clear that the injury occurs where the injured company is located. In *Werner v. Air Freight, LLC v. Morsey*, this Court had to determine the location of an injury resulting from the defendant's tortious interference with the plaintiff's contractual relations. No. 1:16-CV-60, 2016 WL 4191234, at *3 (N.D. Miss. Aug. 5, 2016). The Court held that "loss of profits, prospective contracts, and income that [plaintiff] alleges it suffered would occur in Mississippi as the state is home to [plaintiff's] principal place of business." *Id.*; *see also Unified Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 579 (S.D. Miss. 2012) (holding that "a loss of profits and prospective contracts as well as a loss of income would necessarily occur in Mississippi as the principal place of business for the plaintiff corporation was Mississippi"). Nicholas' injuries occurred in Mississippi, and the tort prong of the long-arm statute is satisfied.

II. **Due Process is Satisfied Under the Fourteenth Amendment.**

Exercising personal jurisdiction over a nonresident defendant satisfies the Fourteenth Amendment Due Process Clause "when (1) that defendant has purposefully availed himself of the benefits and protections of the forum state by establishing minimum contacts with the forum state; and (2) the exercise of jurisdiction over that defendant does not offend traditional notions of fair play and substantial justice." *Unified Brands*, 868 F. Supp. 2d at 579 (quoting *Alpine View Co. Ltd. v. Atlas Copco AB*, 205 F.3d 208, 214-15 (5th Cir. 2000)). Specific jurisdiction over a

nonresident is appropriate where the nonresident "has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities." *Id.*[3]

East Coast is alleged to have committed negligence against Nicholas, and as just explained, that negligence took place, in part, in Mississippi. "When a nonresident defendant commits a tort within the state . . . that tortious conduct amounts to sufficient minimum contacts with the state by the defendant to constitutionally permit the courts within that state . . . to exercise personal adjudicative jurisdiction." *Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007) (quoting *Guidry v. United States Tobacco Co., Inc.*, 188 F.3d 619, 628 (5th Cir. 1999)). Moreover, East Coast's Mississippi contacts were made deliberately when East Coast sent an email to Nicholas offering its aircraft repainting and refurbishing services. *See generally Carmona v. Leo Ship Mgmt., Inc.*, 924 F.3d 190, 195 (5th Cir. 2019). Minimum contacts, therefore, exist with Mississippi such that this Court may properly exercise personal jurisdiction over East Coast.

### III. Exercising Personal Jurisdiction Over East Coast is Fair and Reasonable.

The third and final step of the personal jurisdiction inquiry asks "whether the exercise of personal jurisdiction is fair and reasonable." *Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 276 (5th Cir. 2006). At this stage, the "burden of proof shifts to the defendant to show that the exercise of personal jurisdiction is unfair or unreasonable based on five factors: (1) the burden on the nonresident defendant; (2) the interests of the forum state; (3) the plaintiff's interest in obtaining relief; (4) the interstate judicial system's interest in the most efficient resolution of controversies; and (5) the shared interests of the several states in furthering fundamental social policies." *Id.*

---

[3] East Coast takes pains to emphasize its limited contacts with Mississippi. Nicholas, however, is not claiming that this Court has general jurisdiction over East Coast. The only inquiry here is that of specific jurisdiction.

5

(internal citations omitted). East Coast failed to address this prong of the inquiry and, therefore, should be found to have conceded that jurisdiction in Mississippi is fair and reasonable. *Capnord v. Fred's*, No. 4:15-CV-168, 2017 WL 1496237, at *5 n.5 (N.D. Miss. Apr. 26, 2017) (stating that a "party may not raise a new argument in a reply brief"). East Coast, therefore, has failed to carry its burden on the final prong of the personal jurisdiction inquiry.

## CONCLUSION

This Court may properly exercise personal jurisdiction over East Coast because the tort prong of the Mississippi Long-Arm statute is satisfied, East Coast has minimum contacts with Mississippi as a result of the tort that took place, in part, in Mississippi, and because East Coast concedes that exercising personal jurisdiction is fair and reasonable.

Respectfully submitted July 5, 2024.

    NICHOLAS SERVICES, LLC

    By Its Attorney,

    BAKER, DONELSON, BEARMAN,
     CALDWELL & BERKOWITZ, PC

    BY:   /s/ Sterling Kidd
          D. STERLING KIDD

D. Sterling Kidd (MSB No. 103670)
BAKER DONELSON BEARMAN CALDWELL & BERKOWITZ, PC
PHYSICAL: One Eastover Center, 100 Vision Drive, Suite 400
Jackson, Mississippi 39211
MAILING: Post Office Box 14167
Jackson, MS 39236
Telephone: (601) 351-2400
skidd@bakerdonelson.com