IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NICHOLAS SERVICES, LLC**     **Plaintiff**

**v.**     **No.: 3:23-cv-00390-MPM-JMV**

**AEROELITE INTERIORS CORP.,**
**AIRTECH OF OHIO, LLC and**
**EAST COAST AIRCRAFT PAINTING, INC.**     **Defendants**

## ORDER

This cause comes before the Court on Defendant East Coast Aircraft Painting, Inc.'s ("East Coast") Motion to Dismiss [22] for lack of jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. Plaintiff Nicholas Services, LLC ("Nicholas Air") filed a response in opposition to the motion [45], and Defendant East Coast filed a reply [47]. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

## BACKGROUND

This action stems from an alleged breach of contract claim. Nicholas Air is a private aviation company providing air travel to its members throughout the United States and internationally. East Coast specializes in aircraft painting and interior services. Airtech of Ohio, LLC ("Airtech") and AeroElite Interiors Corp. ("AeroElite"), both co-defendants in this case, specialize in aircraft maintenance and interior refurbishment but do not seek dismissal.

Nicholas Air contracted with Airtech and AeroElite to make improvements to Nicholas Air's Phenom 100 aircraft. AeroElite and Airtech subcontracted with East Coast, a Florida company, to repaint the exterior and service the interior of the aircraft. However, Nicholas Air did not sign a contract with East Coast for the repairs. All work performed on the aircraft occurred at

1

East Coast's facility in Deland, Florida. Nicholas Air alleges breach of contract, breach of implied warranty, negligence and gross negligence, vicarious liability, and breach of the duty of good faith and fair dealing against all defendants. Specifically, Nicholas Air alleges East Coast failed to timely repair the aircraft in accordance with industry standards and refused to undertake remedial work. Consequently, Nicholas Air had to undertake its own repairs in Mississippi resulting in lost profits and income.

## ANALYSIS

### I. Standard of Review

When a nonresident defendant files a motion to dismiss for lack of personal jurisdiction, the plaintiff must show by a preponderance of the evidence that the district court has jurisdiction over the nonresident defendant. *Adams v. Unione Mediterranea Di Sicurta*, 220 F.3d 659, 667 (5th Cir. 2000); *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 241 (5th Cir. 2008) (citing *Brown v. Slenker*, 220 F.3d 411, 419 (5th Cir. 2000)). To resolve the jurisdictional issue, the Court "may consider the contents of the record before the court at the time of the motion, including 'affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery.'" *Quick Techs., Inc. v. Sage Grp. PLC*, 313 F.3d 338, 344 (5th Cir. 2002) (quoting *Thompson v. Chrysler Motors Corp.*, 755 F.2d 1162, 1165 (5th Cir. 1985)). But "on a motion to dismiss for lack of jurisdiction, uncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (quoting *Wilson v. Belin*, 20 F.3d 644, 648 (5th Cir. 1994)). However, this does not mean

2

the Court must accept even uncontroverted conclusory allegations made by the plaintiff. *Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 868-69 (5th Cir. 2001).

## II. Personal Jurisdiction

"A federal district court sitting in diversity may exercise personal jurisdiction only to the extent permitted a state court under applicable state law." *Allred v. Moore & Peterson*, 117 F.3d 278, 281 (5th Cir. 1997) (citing *Cycles, Ltd. v. W.J. Digby, Inc.*, 889 F.2d 612, 616 (5th Cir.1989)). In this case, the Court may assert personal jurisdiction over the defendant if both (1) Mississippi's long-arm statute and (2) due process under the Fourteenth Amendment are satisfied. *Id*. (citing *Cycles*, 889 F.2d at 616). "The proper order when analyzing personal jurisdiction over nonresident defendants is to first consider whether the long-arm statute subjects a nonresident defendant to personal jurisdiction and then to consider whether the statute's application to that defendant offends the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution." *Estate of Jones v. Phillips*, 992 So. 2d 1131, 1137 (Miss. 2008); *see Brown v. Flowers Indus., Inc.*, 688 F.2d 328, 331-32 (5th Cir. 1982). Mississippi's long-arm statute is not coextensive with federal due process, and thus, courts must analyze the scope of the statute when a defendant challenges the court's exercise of personal jurisdiction. *Allred*, 177 F.3d at 282.

### a. Mississippi's Long-Arm Statute

A Mississippi court may exercise personal jurisdiction over a nonresident defendant if the plaintiff demonstrates that the defendant satisfies one of the three prongs outlined in the Mississippi long-arm statute. *Pace v. Cirrus Design Corp.*, 93 F.4th 879, 894 (5th Cir. 2024) (citing *Adara Networks Inc. v. Langston*, 301 So. 3d 618, 623 (Miss. 2020)); Miss. Code Ann. §

3

13-3-57 (2007). These situations arise "if the defendant (1) makes a contract with a resident of Mississippi to be performed in whole or in part in Mississippi; (2) commits a tort in whole or in part in Mississippi; or (3) conducts any business or performs any character of work in Mississippi." *Pace*, 93 F.4th at 894; Miss. Code Ann. § 13–3–57.

Under the contract prong, the court may exercise personal jurisdiction if the defendant made a contract with a Mississippi resident that would be performed in whole or in part in Mississippi. Miss. Code Ann. § 13-3-57. Even a single warranty meant to be performed in Mississippi can grant personal jurisdiction. *Sorrells v. R & R Custom Coach Works, Inc.*, 636 So. 2d 668, 671 (Miss. 1994). Here, Nicholas Air alleges that AeroElite and/or Airtech subcontracted with East Coast to repaint the exterior and refurbish the interior of the aircraft; however, it is undisputed that Nicholas Air did not contract directly with East Coast, and East Coast performed all work on the aircraft at its facility in Deland, Florida. Thus, Nicholas Air has not demonstrated that East Coast satisfies the contract prong.

Under the doing business prong, the Fifth Circuit has established that the long-arm statute "applies to any person or corporation performing *any character of work* in this state." *ITL Int'l, Inc. v. Constenla, S.A.*, 669 F.3d 493, 498 (5th Cir. 2012) (emphasis in original) (quoting *Estate of Jones*, 992 So.2d at 1139). It is undisputed that East Coast did not perform any character of work in the forum state. Despite Nicholas Air's allegation that East Coast "systematically conduct[s] business in the State of Mississippi" by providing products and services to Mississippi residents and advertising its products and services via the Internet, this conclusory allegation is insufficient to satisfy Mississippi's long-arm statute. Similarly in *Pace*, the plaintiff alleged that the defendants conducted many activities in Mississippi, such as advertising, registering, and servicing their products, but the Fifth Circuit determined the evidence from the record did not support such

4

allegations. *Pace*, 93 F.4th at 896-98. Here, Nicholas Air alleges far less than Pace, and thus, this Court must find that East Coast does not satisfy the doing business prong.

Nicholas Air only contends that the tort prong of the state's long-arm statute has been satisfied. Under this prong, the Court may exercise personal jurisdiction over an allegedly tortious defendant if an element of the tort, in whole or in part, occurred in Mississippi. Miss. Code Ann. § 13-3-57; *Jobe v. ATR Mktg., Inc.*, 87 F.3d 751, 753 (5th Cir. 1996) (citing *Smith v. Temco, Inc.*, 252 So.2d 212 (Miss. 1971)). The conventional elements of the tort of negligence are duty, breach, causation, and damages. *Id.* The tort is considered complete when the actual injury occurs. *Jobe*, 87 F.3d at 753; *Pace*, 93 F.4th at 895 (citing *Temco*, 252 So. 2d at 216). For jurisdictional purposes, actual injury is distinguished from the consequences of the injury, which do not provide personal jurisdiction. *Allred*, 117 F.3d at 282 (citing *Jobe*, 87 F.3d at 753 & n.2). However, a tortious act committed outside of Mississippi which causes an injury in Mississippi confers personal jurisdiction on Mississippi courts. *Gross v. Chevrolet Country, Inc.*, 655 So. 2d 873, 879 (Miss. 1995) (citing *Wilkinson v. Mercantile Nat. Bank*, 529 So.2d 616, 618 (Miss. 1988)).

Nicholas Air claims damages of lost profits and income while the aircraft could not be utilized as the alleged injury that took place in Mississippi due to East Coast's failure to adequately and timely perform the repairs to the aircraft. The Northern District has previously held that the state in which the alleged damages and loss occurred is determinative for the tort prong analysis. *See generally Werner Air Freight, LLC v. Morsey*, No. 1:16-CV-60-SA-DAS, 2016 WL 4191234 (N.D. Miss. Aug. 5, 2016) and *Unified Brands, Inc. v. Teders*, 868 F. Supp. 2d 572, 579 (S.D. Miss. 2012). "Although 'consequences stemming from the actual tort injury do not confer personal jurisdiction at the site or sites where such consequences happen to occur,'" the loss and damages alleged by the claimant are not mere consequences of a tort having occurred elsewhere. *Werner*,

5

2016 WL 4191234 at *3 (quoting *Jobe,* 87 F.3d at 753-54). Rather, alleged damages of lost profits and income, the final required element of a negligence claim, would occur in the state where the corporation maintains its principal place of business. Here, Nicholas Air's alleged damages of lost profits and income occurred in Mississippi as it experienced such injury at its principal place of business in Mississippi. Thus, this Court may exercise personal jurisdiction over the plaintiff through the tort prong.

### b. Fourteenth Amendment Due Process

Federal courts may only exercise personal jurisdiction over nonresident defendants when the exercise comports with due process. *Allred*, 117 F.3d at 285. To comport with due process, the nonresident defendant must have "purposefully availed himself of the benefits and protections of the forum state by establishing 'minimum contacts' with that forum state," and the exercise of personal jurisdiction "must not 'offend "traditional notions of fair play and substantial justice."'" *Id.* (quoting *Felch v. Transportes Lar–Mex, Sa De CV*, 92 F.3d 320, 323 (5th Cir. 1996)). Courts will only analyze the fairness prong if the minimum contacts prong is satisfied. *Id.* at 286.

Minimum contacts can give rise to either specific or general personal jurisdiction. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). It is undisputed that East Coast cannot establish general jurisdiction in the forum state, and thus the question is whether this Court can exercise specific jurisdiction over East Coast.

Specific jurisdiction arises when "the nonresident defendant's contacts with the forum state arise from, or are directly related to, the cause of action." *Id.* (*Wilson*, 20 F.3d at 647). In determining whether specific jurisdiction exists, courts consider:

6

> (1) whether the defendant has minimum contacts with the forum state, i.e., whether it purposely directed its activities toward the forum state or purposely availed itself of the privileges of conducting activities there; (2) whether the plaintiff's cause of action arises out of or results from the defendant's forum-related contacts; and (3) whether the exercise of personal jurisdiction is fair and reasonable.

*Fernandez v. Jagger*, No. 23-30909, 2024 WL 3717264, at *2 (5th Cir. Aug. 8, 2024). The plaintiff cannot be the defendant's only connection with the forum; jurisdiction is only proper when the defendant itself made deliberate contact with the forum. *Carmona v. Leo Ship Mgmt.*, Inc., 924 F.3d 190, 194 (5th Cir. 2019) (citing *Walden v. Fiore*, 571 U.S. 277, 284-85 (2014)). While torts committed outside of the state can give rise to specific jurisdiction if the consequences are felt in the state, the effects must generally be seriously harmful and either intentional or "highly likely to follow from the nonresident defendant's conduct." *Guidry v. U.S. Tobacco Co.*, 188 F.3d 619, 628 (5th Cir. 1999) (". . . under *Calder*, the effects of torts committed outside the forum state that cause death or serious physical harm may also serve as minimum contacts with the forum for purposes of personal jurisdiction."); *see Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 314 (5th Cir. 2007). Such "effects jurisdiction" is rare; the Fifth Circuit has even declined jurisdiction for intentional torts when the only basis for jurisdiction is the alleged harm. *Moncrief Oil Int'l Inc.*, 481 F.3d at 314. In addition, "engaging in communications related to the execution and performance of [a] contract . . . [is] insufficient to establish . . . minimum contacts . . . ." *Sayers Constr., L.L.C. v. Timberline Constr., Inc.*, 976 F.3d 570, 574 (5th Cir. 2020) (quoting *Freudensprung v. Offshore Tech. Servs., Inc.*, 379 F.3d 327, 344 (5th Cir. 2004). Such communications are especially insufficient when all warranty work occurs outside of the forum state. *Id.* (citing *Patterson v. Dietze, Inc.*, 764 F.2d 1145, 1147 (5th Cir. 1985)).

7

Here, this Court is unable to exercise specific jurisdiction over East Coast. First, Nicholas Air alleges "upon information and belief, Defendants systematically conduct business in the State of Mississippi and within this district, including providing products and services to Mississippi residents and businesses and the advertising and the sale of their products and services via the Internet to Mississippi residents and businesses." *Pl.'s Second Am. Compl.* [7]. However, as it pertains to East Coast, the only evidence Nicholas Air provides to support this otherwise conclusory statement is a single email exchange between Nicholas Air and East Coast. *See Panda Brandywine Corp. v. Potomac Elec. Power Co.*, 253 F.3d 865, 869 (5th Cir. 2001) (finding allegations supported only by a statement that "'on information and belief' . . . Appellee knew Appellants are Texas residents and knew its actions would intentionally cause harm to Appellants in Texas" were conclusory).

Further, because "engaging in communications related to the execution and performance of [a] contract . . . [is] insufficient to establish . . . minimum contacts," the email exchange does not provide minimum contacts. *Sayers Constr., L.L.C.*, 976 F.3d at 574 (quoting *Freudensprung*, 379 F.3d at 344). The email exchange only serves to inform Nicholas Air of the terms of East Coast's contract and suggest East Coast explore alternative vendors. The minimal communication between the parties merely "relate[s] to the execution and performance of the contract," and therefore, is insufficient to establish minimum contacts. *Id.*

In *Southern Copper, Inc. v. Specialloy, Inc.*, 245 F.3d 791 (5th Cir. 2000), the plaintiff alleged telephone calls between the parties satisfied the minimum contacts requirement because the calls were "necessary to discuss the quality of the sample shipment and to verify the details of the two larger purchase orders." *Id.* However, the Fifth Circuit concluded that the telephone calls did not satisfy minimum contacts because "an exchange of communications between a resident

8

and a nonresident in developing a contract is insufficient of itself to be characterized as purposeful activity invoking the benefits and protection of the forum state's laws." *Id.* (quoting *Stuart v. Spademan*, 772 F.2d 1185, 1193 (5th Cir. 1985)). This case is analogous to *Southern Copper* in that the email exchange between Nicholas Air and East Coast merely developed the contract by informing Nicholas Air of its terms and suggesting East Coast find cheaper vendors. While East Coast initiated the email exchange, the defendant in *Southern Copper* also initiated the telephone calls between itself and the plaintiff, yet the Fifth Circuit still held the calls did not provide minimum contacts. *Id.* As a result, Nicholas Air failed to allege sufficient facts to show that East Coast has minimum contacts with Mississippi.

Finally, while torts committed outside of Mississippi can constitute minimum contacts if the effects are felt in Mississippi, the effects must be "seriously harmful and . . . intended or highly likely to follow from the nonresident defendant's conduct." *Guidry,* 188 F.3d at 628. Nicholas Air's alleged damages of lost profits and income are not so seriously harmful to warrant an exercise of specific jurisdiction, as the standard set by the *Guidry* court is torts "that cause death or serious physical harm." *Id.* at 628-29. Likewise, the damages incurred by the plaintiff cannot amount to "intended or highly likely to follow" from East Coast's alleged negligent workmanship as negligence is without intentionality. For these reasons, Nicholas Air has not met its burden of demonstrating that the tort claims give rise to minimum contacts.

Although Nicholas Air established a *prima facie* case of jurisdiction under Mississippi's long-arm statute, Nicholas Air cannot show that East Coast has sufficient minimum contacts with Mississippi. Therefore, Nicholas Air failed to meet its burden of demonstrating that this Court maintains personal jurisdiction over East Coast under the Fourteenth Amendment. Consequently, this Court must grant East Coast's motion to dismiss.

9

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Defendant East Coast's Motion to Dismiss [22] for lack of personal jurisdiction is **GRANTED** as the plaintiff has failed to establish that the defendant has sufficient minimum contacts with the forum state to satisfy the due process requirements of the Fourteenth Amendment.

SO ORDERED this 30th day of September, 2024.

/s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI