IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**NICHOLAS SERVICES, LLC**                                                                                             **Plaintiff**

v.                                                                    No. 3:23-cv-00390-MPM-JMV

**AEROELITE INTERIORS CORP. and**
**AIRTECH OF OHIO, LLC**                                                              **Defendants**

## ORDER

This matter comes before the Court on Plaintiff Nicholas Services, LLC's (Nicholas Air) Motion to Transfer [69]. Defendants Aeroelite Interiors Corp. (Aeroelite) and Airtech of Ohio, LLC (Airtech) oppose the motion [77]. Plaintiff subsequently filed an unopposed Motion for Extension of Time to File Response/Reply [81]. Plaintiff has since filed its Reply, and thus, the Motion [81] will be dismissed as moot. The Court, having reviewed the record and carefully considered the applicable law, is now prepared to rule.

## RELEVANT FACTS

This action stems from an alleged breach of contract claim. Nicholas Air is a private aviation company based in Mississippi that provides air travel to its members throughout the United States and internationally. Aeroelite and Airtech, both co-defendants based in Ohio, specialize in aircraft maintenance and interior refurbishment.

Nicholas Air contracted with Aeroelite and Airtech to make improvements to Nicholas Air's Phenom 100 aircraft. Aeroelite was hired to perform certain interior refurbishment work to the aircraft, while Airtech was hired to perform certain exterior paint work to the aircraft. Airtech separately reached an agreement with East Coast Aircraft Painting, Inc. (East Coast), a Florida-based company, to perform some of the exterior paint work contemplated by the agreement between Nicholas Air and Airtech.

The subject aircraft was delivered to Deland, Florida where the exterior paint work was performed by East Coast. Aeroelite traveled to Deland, Florida to strip the interior of the aircraft, which was then taken to Ohio where the interior refurbishment work was completed. Once completed, Aeroelite returned to Deland, Florida to reinstall the interior components and finish the interior refurbishment on the aircraft.

Nicholas Air maintains that the work performed on the aircraft was defective and nonconforming. Aeroelite and Airtech, however, argue that Nicholas Air took the aircraft back to Mississippi before all repairs were completed without giving prior notice to either Aeroelite or Airtech. Consequently, Nicholas Air filed a complaint against Aeroelite, Airtech and East Coast for breach of contract. In response, Aeroelite filed a counterclaim against Nicholas Air for failure to pay the final invoice of $89,170.40 owed upon completion of services. The defendants also maintain that any issues regarding the exterior paint work performed by East Coast pursuant to its agreement with Airtech were resolved before Nicholas Air took possession of the aircraft. Thus, the claims against Airtech and East Coast pertain solely to damages resulting from any delay in completion.

East Coast was an original party to this action; however, on September 30, 2024, this Court dismissed East Coast as a defendant for lack of personal jurisdiction. The only parties remaining and pertinent to this case are Aeroelite and Airtech. Nicholas Air now requests a transfer of this case from the Northern District of Mississippi to the Middle District of Florida.

**ANALYSIS**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C.A. § 1404(a). As both parties

have not consented to transfer, the Court must first determine whether this case could have originally been brought in the Middle District of Florida.

The Middle District of Florida has subject matter jurisdiction over this dispute as the parties are completely diverse and the amount in controversy exceeds $75,000. 28 U.S.C.A. § 1332. However, for the suit to proceed, the court must also have personal jurisdiction over the nonresident defendants. Florida courts apply a two-step analysis to determine whether such jurisdiction exists. *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). First, the court must determine whether there are sufficient facts to bring the action within the scope of Florida's long-arm statute. *Id*. Second, the court must evaluate whether the defendant has established sufficient minimum contacts with Florida to satisfy the due process requirements of the U.S. Constitution. *Id*.

Under Florida's long-arm statute, courts may exercise personal jurisdiction over the nonresident defendant if the defendant has committed one of the acts enumerated in the statute. Fla. Stat. Ann. § 48.193. Specifically, the statute provides that a person is subject to the jurisdiction of the court if he "[b]reach[es] a contract in this state by failing to perform acts required by the contract to be performed in this state." *Id*. The contract between Nicholas Air and the defendants did not specify that the services were required to be performed in Florida. Thus, Nicholas Air's breach of contract claim does not fall within the scope of the acts outlined in Florida's long-arm statute, and the Middle District of Florida lacks personal jurisdiction over the nonresident defendants. Therefore, transfer of this case to the Middle District of Florida would be improper as the court lacks jurisdiction over Aeroelite and Airtech.

## CONCLUSION

For the reasons stated above,

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Transfer [69] is **DENIED** as the Middle District of Florida lacks jurisdiction to hear this dispute. Plaintiff's Motion for Extension of Time to File Response/Reply [81] is **DISMISSED as moot**.

SO ORDERED this 12th day of June, 2025.

    /s/Michael P. Mills
UNITED STATES DISTRICT JUDGE
NORTHERN DISTRICT OF MISSISSIPPI